COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


KAREN A. GALLUPE

                                              MEMORANDUM OPINION[*]
v.    Record No. 0515-98-3                        PER CURIAM
                                                 DECEMBER 15, 1998
ROANOKE CITY DEPARTMENT
 OF SOCIAL SERVICES


           FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                     Richard C. Pattisall, Judge

           (Onzlee Ware, on brief), for appellant.

           (L. Brad Braford, on brief), for appellee.



     On appeal from the judgment of the trial court terminating

her parental rights to her three minor children, Karen A. Gallupe

contends that the evidence failed to support that termination.

Upon reviewing the record and briefs of the parties, we affirm

the judgment of the trial court.

     "When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the paramount

consideration of a trial court is the child's best interests."

Logan v. Fairfax County Dep't of Human Development, 13 Va. App.

123, 128, 409 S.E.2d 460, 463 (1991).
          "In matters of a child's welfare, trial
          courts are vested with broad discretion in
          making the decisions necessary to guard and
          to foster a child's best interests."  The
          trial court's judgment, "when based on
          evidence heard ore tenus, will not be
          disturbed on appeal unless plainly wrong or

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

without evidence to support it."

Id. (citations omitted).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).

Code § 16.1-283(B) provides that the residual parental rights of a parent of a child found by a court to be neglected or abused may be terminated if the court finds that it is in the child's best interests, that the neglect or abuse presents a serious and substantial threat to the child's life, health or development, and that it is not reasonably likely that the conditions resulting in the neglect or abuse can be substantially corrected or eliminated to allow the child's safe return within a reasonable period of time.  See Code § 16.1-283(B)(1) and (2).

Code § 16.1-283(C) provides that a parent's residual parental rights to a child placed in foster care may be terminated if the trial court finds it is in the best interests of the child and, in pertinent part,

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period not to exceed twelve months to remedy substantially the conditions which led to the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical,

> mental health or other rehabilitative
> agencies to such end.

Code § 16.1-283(C)(2).

Gallupe's two older children were taken into emergency, short-term foster care when an investigation disclosed that the apartment in which they lived lacked heat and that the extension cords used to supply electricity were a fire hazard. Once in foster care, the children disclosed that they had been sexually abused by their father. Further investigation resulted in a determination of "founded" abuse. Visitation with the father was discontinued in mid-1996.

Gallupe continued bi-weekly visits with the children, and completed the parenting classes required under the foster care service plan. However, she did not believe the children's allegations of sexual abuse. While she met with Dr. Van Patten after he had tested the father, she stated that she did not believe Dr. Van Patten's findings were valid or that his report was truthful. She asked no questions concerning risks to which the children would be exposed by further contact with their father. During visitation, she blamed the children for separating the family, and urged them to recant what they had said. Despite evidence to the contrary, she refused to acknowledge that the children were at risk.

> The trial court found that
> 1) the evidence was overwhelming that [the
> two older children] were sexually abused and
> that their father was the perpetrator of this
> abuse; 2) none of the children are safe in

- 3 -

the presence of their father; 3) the children's mother does not believe that the children's father sexually abused the children; 4) therefore the children's mother will not adequately protect the children from their father; 5) the parents, without good cause, have not responded to or followed through with the appropriate, available and reasonable rehabilitative services on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the children; 6) the parents, without good cause shown, have been unwilling or unable within a reasonable period of time to remedy substantially the conditions which led to the children's foster care placements, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end . . . .

Witnesses for the Department of Social Services testified that both older children had suffered sexual abuse at the hands of their father and, as a result, had suffered serious emotional damage. Despite the evidence, Gallupe refused to acknowledge the father's guilt and urged the children to repudiate their reports of abuse. She sided with the father against the children, subordinating their welfare to her own interests. She became a party to the abuse. She failed to safeguard her children. This nonfeasance on Gallupe's part was as threatening to the health and well-being of the children as was the father's malfeasance. Thus, credible evidence supports the trial court's finding that Gallupe was unwilling or unable to remedy substantially the conditions that had led to the children's foster care placement. Likewise, credible evidence supports the trial court's finding

that Gallupe had failed to respond to the appropriate services designed to reduce, eliminate or prevent the abuse.

Gallupe contends that she was forced to choose between her children and her husband.  However, that choice was not imposed on her by the trial court.  Her children were at risk due to behavior to which she turned a blind eye.  She failed to support her young children and to help them recover from their trauma.  She attempted to silence them and to make them bear the burden of the family's separation.  In the absence of force, threat or intimidation, Gallupe's failure to protect her children from their father's known abuse constituted neglect or abandonment.

The judgment of the circuit court is affirmed.

<u>Affirmed</u>.

Benton, J., dissenting.

The record indicates that when the male child was three years of age he made a complaint of sexual abuse against the father. The record does not indicate when the female child first made her complaint; however, she is one year younger than her brother. Both children were removed from their home before the male child made his complaint. No criminal proceeding was ever instituted against the father because "the detectives at the Youth Bureau didn't feel like [the three-year-old child's] statement would stand up in Court, given his age."

The record clearly demonstrates that the mother did not sexually abuse her children and took all the steps requested of her by the Department of Social Services. The trial judge's decision wrongfully attributed to the mother responsibility for the acts the father is alleged to have committed. "[T]he termination of the legal relationship between a parent and a child is a grave proceeding." Weaver v. Roanoke Dept. of Human Resources, 220 Va. 921, 926, 265 S.E.2d 692, 695 (1980). Such a drastic and irreversible action cannot be based upon a decision that deems the mother a surrogate for the father. See id. at 929, 265 S.E.2d at 697. The evidence was insufficient under Code § 16.2-283 to prove that the mother's independent actions warranted termination of her parental rights.

I respectfully dissent.